# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MATTHEW SINGER, | ) |
| | ) |
| Plaintiff, | ) No. 3:12-cv-00876 |
| | ) Judge Sharp |
| v. | ) |
| | ) |
| DONNIE YOUNG, et al., | ) |
| | ) |
| Defendants. | ) |

## M E M O R A N D U M

The plaintiff, an inmate at the Dickson County Jail in Charlotte, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 alleging that certain conditions of his confinement at the jail violate his constitutional and civil rights. (Docket No. 1).

**I.     PLRA Screening of the Complaint**

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

**II.    Section 1983 Standard**

The plaintiff has filed his complaint pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege and show: (1) that he was deprived of a right secured by the

1

Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**III.    Analysis**

First, the plaintiff alleges that the policies and practices of the Dickson County Jail are not as favorable to the plaintiff as the policies and practices in place at state prison facilities. For example, the plaintiff alleges that, while state prisoners are provided with six sets of underwear and socks, Dickson County Jail inmates are provided with fewer items[1] and are told that they must purchase whatever else they need from the commissary. (Docket No. 1 at p. 5 & Attachs.). Although the plaintiff does not expressly allege in his complaint, the court infers that the plaintiff has been sentenced to serve a term of imprisonment in the custody of the Tennessee Department of Corrections, but that presently he is being housed at the Dickson County Jail instead.

Despite the plaintiff's discontent with his present housing arrangements, the Constitution does not guarantee a prisoner a right to be confined in any particular prison or jail. *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976). Moreover, neither prisons nor jails are required to provide "the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). Therefore, even assuming that the plaintiff's allegations are true, the deprivations of which he complains constitute isolated or temporary periods of unpleasantness, discomfort or

---

[1] The plaintiff alleges that he has one pair of underwear, two shirts, and socks with holes in them. (Docket No. 1, Attach.).

inconvenience, and they do not amount to serious deprivations under the Eighth Amendment.

"Short term deprivations of toilet paper, towels, sheets, blankets, mattresses, toothpaste, toothbrushes and the like do not rise to the level of a constitutional violation." *Gilland v. Owen*, 718 F. Supp. 665, 685 (W.D. Tenn. 1989). However, long term or frequent deprivations of these items would amount to a violation of a prisoner's constitutional rights. *Gilland*, 718 F. Supp. at 685. In the instant case, however, the plaintiff does not allege that he has been denied personal hygiene products or clothing, but merely that he is not receiving as many of these items as he would like. The plaintiff's inability to change his underwear and socks as often he likes does not amount to a violation of constitutional proportions. *See Glover v. Grant County Detention Center*, 2010 WL 2804054, at *4 (E.D. Ky. July 15, 2010)(same). The plaintiff has not stated a claim upon which relief can be granted with respect to these allegations.

Next, the plaintiff alleges that the defendants have failed to respond to his grievances. (Docket No. 1 at p. 5). Although prisoners have a First Amendment right to file grievances, *see Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996), state law does not create a liberty interest in the grievance procedure. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). In other words, a plaintiff cannot premise a § 1983 claim on allegations that the jail's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective jail grievance procedure in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Since a prisoner does not have a constitutional right to an effective or responsive grievance procedure, the plaintiff's assertions that the Dickson County Jail's grievance process is

lacking and that the defendants have failed to respond to the plaintiff's grievances do not state a claim under the First Amendment.

Finally, the plaintiff alleges that defendant Southern Health Partners has failed to provide the plaintiff with appropriate prescription medication for his bi-polar condition. (Docket No.1, Attach.). The plaintiff does not name any other defendants with regard to this claim.

The Eighth Amendment of the United States Constitution guarantees federal inmates the right to adequate medical care, and the Fourteenth Amendment extends this right to inmates incarcerated by the states. *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). In order to prevail on a claim for the denial of adequate medical care, the plaintiff-prisoner must show that a "serious medical need" of the inmate was known and yet disregarded by the defendants. *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

Here, the plaintiff alleges that he has been diagnosed with "bi-polar disease" and has been prescribed a particular medication for his condition "on the street and in th[e Dickson County] jail." (Docket No. 1, Attach.). Thus, the plaintiff alleges that he has a known "serious medical need" to the defendant. The plaintiff further alleges that, once defendant Southern Health Partners "took over" the health care at the Dickson County Jail, the plaintiff can only obtain his needed prescription medication by having "someone bring the prescription to the jail and have it dropped off." (*Id.*) It would appear from these allegations that the plaintiff previously received certain prescription medication while housed at the Dickson County Jail but now does not receive this medication unless the plaintiff takes it upon himself to procure such medication from an outside source. The plaintiff attributes this change to a decision or act by Southern Health Partners.

Although at this early stage of the litigation it is unclear whether the plaintiff ultimately will

4

prevail on this claim, the court finds that his allegations with respect to the treatment of his alleged bi-polar condition are not frivolous; they are sufficient to withstand the required frivolity review.

**IV.     Conclusion**

For these reasons, the court finds that the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 against all defendants except Southern Health Partners. 28 U.S.C. § 1915A. Thus, the plaintiff's claims against Donnie Young, Rhonda Felts, Jeff Bledsoe, and Jerome Holt will be dismissed. However, as to the plaintiff's claims against defendant Southern Health Partners, the court finds that the complaint states actionable claims under the Eighth Amendment and Section 1983.

An appropriate Order will be entered.

_____
Kevin H. Sharp
United States District Judge