IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MATTHEW SINGER | ) | |
| | ) | |
| v. | ) | NO. 3:12-0876 |
| | ) | |
| DONNIE YOUNG, LT. RHONDA FELTS, | ) | |
| JEFF BLEDSOE, JEROME HOLT,[1] | ) | |
| and SOUTHERN HEALTH PARTNERS | ) | |

# S C H E D U L I N G   O R D E R

Pursuant to Federal Rule of Civil Procedure 16(b), all pretrial preparation in this action shall take place according to the following schedule.

## I. GENERAL COURT RULES AND PROCEDURES

Any filing made with the Court must comply with Rule 5 of the Federal Rules of Civil Procedure, which requires that a copy of any filing made with the Court be sent to the opposing party or its counsel and that the filing contain a certification stating that a copy has been sent, to whom, at what address, and on what date. Any filing which does not comply with this requirement will be returned and/or stricken from the record.

Each party is responsible for making and obtaining copies of any documents or filings sent to the Court. It is not the Court's responsibility to provide free copies of any documents to the parties. If a party desires to obtain a copy of a document in the official court file, the party should

---

[1] Defendants Young, Felts, Beldsoe and Holt were dismissed from this action by order entered November 5, 2012, Docket Entry No. 14.

contact the clerk's office, with the docket entry number of the document if possible, about obtaining copies. The cost of copying is .50¢ per page.

The parties are required to keep both the Court and the opposing party or its counsel informed of their current addresses. The plaintiff's failure to keep the Court informed of his current address may result in a recommendation that this action be dismissed for failure to prosecute and for failure to comply with the Court's order.

## II. PRETRIAL DEADLINES

### Amendment of Pleadings

The parties shall have until **March 29, 2013,** to move to amend the pleadings.

### Discovery

All discovery shall be completed by **April 29, 2013**. By this, the Court means that all written discovery should be served far enough before the discovery completion date, i.e. at least thirty days prior to the discovery completion deadline, so that responses or objections to any written discovery can be made prior to the completion deadline. For example, serving written discovery upon an opposing party a few days prior to the discovery completion deadline does not comply with this scheduling order and may result in discovery being denied to the requesting party.

Any party seeking to serve written discovery upon another party which would result in responses being served after the discovery completion deadline must obtain leave of the Court to serve untimely discovery requests.

Written discovery should be sent to the opposing party and should not be filed with the Court, nor should a copy of the written discovery be sent to the Court unless it is filed as an

2

attachment to a motion. A Court order is not required for a party to engage in discovery and discovery is not stayed upon the filing of any motion unless specifically ordered by the Court.

### Discovery Motions

All discovery motions must be filed by **April 29, 2013**. All discovery motions must comply with the applicable requirements contained in Rules 26-37 of the Federal Rules of Civil Procedure and Rule 37.01 of the Local Rules of Court.

### Dispositive Motions

All dispositive motions to dismiss and for summary judgment shall be filed by **May 17, 2013.**

### Evidentiary Hearing

A non-jury evidentiary hearing will commence at **9:00 a.m., Friday, June 28, 2013,** in Courtroom No. 764, U.S. Courthouse, 801 Broadway, Nashville, Tennessee, after which the Magistrate Judge will make a Report and Recommendation to the District Judge regarding whether plaintiff's claims are meritorious and should be presented to a jury.

Each party shall also submit a pre-hearing statement one week prior to the date of the hearing, which shall succinctly state the issues and contentions of the parties.

Plaintiff is hereby advised that, while he will be able to testify in his own behalf at said hearing, he also has the right to call other witnesses to support his case.

If he wants any witnesses to testify at the hearing, the plaintiff is hereby ORDERED to inform the Court at least thirty (30) days prior to the hearing date what witnesses other than himself, if any, he desires to call at the hearing. Plaintiff shall specify each witness by name, address or place of employment or both, and articulate what the anticipated testimony of each witness will be.

Plaintiff is advised that subpoenas will issue only as to those potential witnesses who are alleged to advance his claim for relief. The calling of frivolous or unnecessary witnesses will not be tolerated, and if it is determined at the hearing that plaintiff misled the Court as to a witnesses' expected testimony, the costs of producing said witness may be placed on plaintiff.

Plaintiff is warned that his failure to comply with this Order may result in the denial of any request to produce witnesses made on the date of the hearing.

Subpoenas for the witnesses plaintiff has requested and for whom the Court has determined will advance his case, will be issued at the appropriate time.

It is so ORDERED.

*Juliet Griffin*
JULIET GRIFFIN
United States Magistrate Judge