IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


MATTHEW SINGER                          )
                                        )
        v.                              )        NO: 3:12-0876
                                        )
SOUTHERN HEALTH PARTNERS                )



TO:  Honorable Kevin H. Sharp, District Judge


### R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered November 6, 2012 (Docket Entry No. 14), this action was referred to the

Magistrate Judge to enter a scheduling order for the management of the case, to dispose or

recommend disposition of any pretrial motions 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct

further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the

Local Rules of Court.

Presently pending before the Court is the motion for summary judgment filed by Defendant

Southern Health Partners (Docket Entry No. 29), to which the plaintiff has not responded.[1]  For the

reasons set out below, the Court recommends that the motion be granted and this action be

dismissed.

---

[1] By Order entered May 23, 2013 (Docket Entry No. 31), the plaintiff was notified of the
motion and given a deadline of June 28, 2012, to file a response.

## I. BACKGROUND

The plaintiff is a former inmate at the Dickson County Jail ("Jail") in Charlotte, Tennessee. He filed this action pro se and in forma pauperis on August 27, 2012, while confined at the Jail,[2] seeking damages and injunctive relief under 42 U.S.C. § 1983 for alleged violations of his civil rights. The plaintiff named multiple defendants and raised several claims in his complaint (Docket Entry No. 1). However, pursuant to review under 28 U.S.C. §§ 1915(A)(b) and 1915(e)(2), the Court dismissed all claims and defendants from the action except for a single claim against Southern Health Partners ("SHP") based on allegations that the plaintiff was denied constitutionally adequate medical care at the Jail. See Order entered November 6, 2012 (Docket Entry No. 14). Specifically, the plaintiff alleges that he has been diagnosed with "bi-polar disease" that was treated both prior to and during his incarceration with a particular medication, Serequel. He alleges that, once SHP began managing health care at the Jail, he can no longer get the medication unless he has "someone bring the prescription to the jail and have it dropped off." See Docket Entry No. 1, at 8.

Defendant SHP filed an answer (Docket Entry No. 21), and a scheduling order (Docket Entry No. 26) was entered setting out deadlines for pretrial activity in the action. The docket in the action shows that copies of the two most recent orders the Court mailed to the plaintiff at the Jail, which is the only address provided by the plaintiff, were returned as undeliverable with the notations "not here," undeliverable as address," "unable to forward," and "Return to sender." See Docket Entry Nos. 35-38. The plaintiff has not filed a change of address notice, and the Court has no other address for the plaintiff.

---

[2] Although the plaintiff was confined at the Jail, he asserted in his complaint that he was a "state prisoner." See Docket Entry No. 1, at 7.

By its motion for summary judgment, the defendant argues that the undisputed evidence shows that SHP provided appropriate care and treatment for the plaintiff's medical conditions while at the Jail and that medications, as well as evaluations and monitoring, were regularly provided for his mental health issues. The defendant further contends that there is no evidence supporting a claim that any possible constitutional violation resulted from a custom or policy of SHP and that the plaintiff failed to exhaust available administrative remedies. In support of its motion, the defendant relies upon the affidavit of Michelle Shepherd, a SHP nurse and the Medical Team Administrator at the Jail (Docket Entry No. 29-2), and the affidavit of Donnie H. Young, the Jail Administrator (Docket Entry No. 29-3).

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the

3

light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

4

### III. CONCLUSIONS

The government[3] has a constitutional obligation to provide medical care for the individuals it incarcerates, and "deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A claim for deliberate indifference to a prisoner's serious medical needs has both a subjective and an objective component. See Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir. 2001).

To satisfy the objective component, the plaintiff must show that he had a "sufficiently serious" medical need. Comstock, 273 F.3d at 703. A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Blackmore v. Kalamazoo Cnty., 390 F.3d 890, 897 (6th Cir. 2004). For the subjective component, the plaintiff must demonstrate that the defendant had a sufficiently culpable state of mind, in other words, that the official acted with "deliberate indifference" to the plaintiff's serious medical need. Farmer, 511 U.S. at 834. Although this standard does not require a showing that the defendant acted with a purpose or intent to inflict harm, the standard is not satisfied by a showing of negligence. Comstock, supra. See Estelle, 429 U.S. at 105, 97 S.Ct. 285 ("[A]n inadvertent failure to provide adequate medical care cannot be said

---

[3] Although Defendant SHP is a private entity, "[i]t is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" Hicks v. Frey, 992 F.2d 1450, 1458 (6th Cir. 1993). See also Johnson v. Karnes, 398 F.3d 868, 876 (6th Cir. 2004) ("The Supreme Court has explicitly held that § 1983 liability applies to physicians who are not formally employed by a state, but who instead serve prison populations as government contractors.") (citing West v. Atkins, 487 U.S. 42, 54–57, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)).

5

to constitute" a violation of the Eighth Amendment).  The Plaintiff must show more than medical malpractice and negligence on the part of the defendant because the subjective requirement acts "to prevent the constitutionalization of medical malpractice claims."  Comstock, 273 F.3d at 703.  See also Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) ("To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause.").

After review of the record before the Court, the Court finds that summary judgment should be granted to Defendant SHP on the plaintiff's inadequate medical care claim.  Even if the Court assumes for the purposes of analyzing the pending motion that the plaintiff has shown that he suffered from a mental health need that was serious enough to satisfy the objective component of his claim, there is insufficient evidence before the Court raising a genuine issue of material fact on the issue of deliberate indifference on the part of the Defendant SHP.

The plaintiff has not responded to the defendant's motion for summary judgment and has not supported his claim with any evidence.  Defendant SHP supports its motion with affirmative evidence in the form of an affidavit from Ms. Shepherd and copies of the plaintiff's medical records at the Jail.  This undisputed evidence clearly shows that the plaintiff's mental health issues were not ignored and that he was treated for these issues.  Further, there is no evidence before the Court that shows or even from which it can be inferred that any delay in obtaining medication was due to deliberate indifference on the part of any SHP employee or because of a SHP policy.

6

Based upon this unrebutted evidence, no reasonable jury could find that the defendant treated the plaintiff with deliberate indifference with respect to his mental health needs as is required for a constitutional claim. See Farmer; supra; Estelle, supra. The plaintiff's claim essentially amounts to displeasure with the adequacy of the course of treatment he received at the Jail and his desire for a specific medication. Although "medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference," Terrance v. Northville Reg'l Psychiatric Hosp., 286 F.3d 834, 843–44 (6th Cir. 2002) (internal quotation marks and citation omitted), the evidence before the Court does not support such a conclusion. When a prisoner has received some medical attention and the dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law, Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976), and it is well-settled that neither negligence nor medical malpractice will support a constitutional claim. See Estelle, 429 U.S. at 106; Walker v. Norris, 917 F.2d 1449, 1454 (6th Cir. 1990); Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985). Although the care the plaintiff received at the Jail may not have been the same as he may have received had he not been incarcerated and had he sought treatment on his own from private medical care providers, the Eighth Amendment does not guarantee that a prison inmate receive the "optimum or best medical treatment." Ruiz v. Estelle, 679 F.2d 1115, 1149 (5th Cir. 1982); McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978).

When a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, the non-moving party may not merely rest on allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323-24; Chao v.

7

Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). The plaintiff has failed to satisfy this burden, and summary judgment should be granted to Defendant SHP. In light the Court's finding that there is no evidentiary support for the plaintiff's constitutional claim, there is no reason to address the alternative arguments for dismissal raised in the defendant's motion.

## RECOMMENDATION

The Court respectfully RECOMMENDS that the Motion for Summary Judgment filed by Defendant Southern Health Partners (Docket Entry No. 29) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

The Court further RECOMMENDS that any appeal NOT be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge

8