UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MATTHEW SINGER, | ) |
| Plaintiff, | ) |
| | ) No. 3:12-cv-0876 |
| v. | ) |
| | ) Judge Sharp |
| SOUTHERN HEALTH PARTNERS, | ) Magistrate Judge Griffin |
| Defendant. | ) |

# ORDER

Plaintiff Matthew Singer, a former inmate at the Dickson County Jail in Charlotte, Tennessee,[1] proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against several defendants, including Southern Health Partners.[2] On May 17, 2013, Defendant Southern Health Partners filed a motion for summary judgement. (Docket Entry No. 29). Plaintiff filed no response in opposition.[3]

The Magistrate Judge entered a Report and Recommendation ("R & R") (Docket Entry No. 39) in this case on August 26, 2013, concluding,

> After review of the record before the Court, the Court finds that summary judgment should be granted to Defendant SHP on the plaintiff's inadequate medical care claim. Even if the Court assumes for the purpose of analyzing the pending motion that the plaintiff has shown that he suffered from a mental need that was serious enough to satisfy the objective component of his claim, there is insufficient evidence before the Court raising a genuine issue of material fact on the issue of deliberate indifference on the part of the Defendant SHP.

---

[1] Plaintiff Singer is no longer located at the Dickson County Jail. *See* (Docket Entry Nos. 35, 38 and 42). Since Plaintiff has failed to notify the Court of his current address, his whereabouts are unknown.

[2] Defendant Southern Health Partners is the only remaining defendant in this case. Defendants Donnie Young, Rhonda Felts, Jeff Bledsoe, and Jerome Holt were all dismissed by the Court on November 6, 2012. *See* (Docket Entry No. 14).

[3] By Order entered on May 23, 2013, Magistrate Judge Griffin allowed Plaintiff until June 28, 2013, to file a response. *See* (Docket Entry No. 31).

> The plaintiff has not responded to the defendant's motion for summary judgment and has not supported his claim with any evidence. Defendant SHP supports its motion with affirmative evidence in the form of an affidavit … and copies of the plaintiff's medical records at the Jail. This undisputed evidence clearly shows that the plaintiff's mental health issues were not ignored and that he was treated for these issues. Further there is no evidence before the Court that shows or even from which it can be inferred that any delay in obtaining medication was due to deliberate indifference on the part of any SHP employee or because of a SHP policy.

Therefore, the Magistrate Judge recommended that the motion for summary judgment "be GRANTED and that this action be DISMISSED WITH PREJUDICE." (*Id.* at 7-8). The Magistrate Judge further recommended that "any appeal NOT be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith." (*Id.* at 8). No objections were made to the R & R.

Where no objections are made to the R & R, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b). Having thoroughly reviewed the record in this case and the applicable law in accordance with Rule 72(b), the Court will accept the R & R.

Accordingly, the Court hereby rules as follows:

(1) The Report and Recommendation (Docket Entry No. 39) is hereby ACCEPTED and APPROVED;

(2) *Defendant Southern Health Partners' Motion for Summary Judgment* (Docket Entry No. 29) is hereby GRANTED;

(3) This case is hereby DISMISSED WITH PREJUDICE; and

(4) The Court hereby certifies that any appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

The Clerk is directed to enter Judgment in a separate document in accordance with Federal Rule of Civil Procedure 58.

**It is SO ORDERED.**

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE